**In the Matter of the Estate of**

**JOHN LIVINGSTON THOMAS, Deceased,**

**MARTHA SLEEPER STELLING, Appellant**

No. 16373

United States Court of Appeals

Third Circuit

Argued February 2, 1968

Filed March 13, 1968

*See, also, 391 F.2d 242*

JOSEPH RICHTER, ESQ., New York, New York, U.S.A., *for appellant*

ROBERT MCSHANE CARNEY, ESQ., Christiansted, St. Croix, Virgin Islands, *for appellee*

WILLIAM W. BAILEY, ESQ., Charlotte Amalie, St. Thomas. Virgin Islands, *for Executrix*

Before KALODNER, STALEY and SEITZ, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

The appellant was given a $50,000 legacy. After a lapse of a substantial period of time she brought an action in the district court to compel the executor to pay the legacy. The district court entered an order, without opinion, which amounts to an unconditional denial of appellant's request. She appeals.

The appellee Adelaide R. Thomas orally renewed her motion to dismiss the appeal for lack of jurisdiction. We think the motion must be denied in view of the language of the order below.

At the time this matter was before the district court the financial condition of the estate was not sufficiently developed to permit a firm judgment to be made as to other possible claims against the estate. However, at the oral argument on the appeal counsel for the executor and all parties in interest agreed that what amounts to the "first quarterly account" has been filed (15 V.I.C. § 451) and that at least $37,500 of the legacy can be paid without any danger. They further agreed that the estate is "but little in debt" within the meaning of that language in 15 V.I.C. § 453.

Under the foregoing circumstances we think the judgment below should be vacated and the proceedings remanded for the entry of the following order by the district court:

1) directing the executor to pay to petitioner forthwith, without bond, the sum of $37,500, plus any interest which may have been earned thereon;

2) directing the payment of the balance of the legacy, viz., $12,500, plus any interest which may have been earned thereon, upon the petitioner's filing a bond fulfilling the requirements of 15 V.I.C. § 453, unless the executor feels a bond is unnecessary.

Finally we believe the costs of the proceedings, both here and below, should be borne by the estate.

The judgment of the district court is vacated and the matter is remanded for proceedings in accordance with this opinion.